FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH A., | |
| Plaintiff, | No. 1:19-CV-03095-RHW |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12.  Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying her applications for Social Security Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

1    proceedings.

2    ## I.    Jurisdiction

3    Plaintiff filed applications for Social Security Disability Insurance and

4    Supplemental Security Income on October 5, 2015.  AR 75, 85.  She alleged a

5    disability onset date of October 5, 2015.  AR 251, 258.  Plaintiff's applications

6    were initially denied on January 21, 2016, AR 121-28, and on reconsideration on

7    May 23, 2016, AR 132-43.

8    Administrative Law Judge ("ALJ") Ilene Sloan held a hearing on October

9    26, 2017 and heard testimony from Plaintiff and vocational expert Kimberly

10    Mullinax.  AR 42-74.  On May 31, 2018, the ALJ issued a decision finding

11    Plaintiff ineligible for disability benefits.  AR 15-28.  The Appeals Council denied

12    Plaintiff's request for review on March 7, 2019.  AR 1-5.  Plaintiff sought judicial

13    review by this Court on May 8, 2019.  ECF No. 1.  Accordingly, Plaintiff's claims

14    are properly before this Court pursuant to 42 U.S.C. § 405(g).

15    ## II.    Sequential Evaluation Process

16    The Social Security Act defines disability as the "inability to engage in any

17    substantial gainful activity by reason of any medically determinable physical or

18    mental impairment which can be expected to result in death or which has lasted or

19    can be expected to last for a continuous period of not less than twelve months."  42

20    U.S.C. § 423(d)(1)(A).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 2**

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations.  20 C.F.R. §§ 404.1520(a), 416.920(a).  If the claimant cannot engage in his previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3**

a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).  The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 4**

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 32 years old at the alleged date of onset. AR 251. At application, Plaintiff alleged that the following conditions limited her ability to work: posttraumatic stress disorder (PTSD); bipolar disorder; anxiety; paranoia; depression; and visions. AR 295. The highest grade Plaintiff completed was the eighth grade. AR 296. At the time of application, Plaintiff stated that she had previously worked as a busser/waitress/hostess/ prep cook in a restaurant, a delivery driver at an auto store, and a pantry girl/dessert maker at a restaurant. AR 296. Plaintiff was working at the time of her application, but stated that she had made changes to her work activities as of December 31, 2014. AR 295-96.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, October 5, 2015, through the date of the decision. AR 15-28.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged date of onset. AR 17 (citing 20 C.F.R. §§ 404.1571, 416.971 *et seq*.).

**At step two**, the ALJ found that Plaintiff had the following severe

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5**

impairments: cannabis dependence and PTSD (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).  AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18 (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).

At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a work at all exertional levels with the following nonexertional limitations:

> She is able to understand, remember, and carry out simple, routine, and familiar (i.e. previously learned) complex tasks.  She is also able to maintain regular attendance and complete a normal workday but will do so without customary tolerances.  Socially, she cannot maintain contact with the general public, but she can accept supervision, and is able to work in a small group setting of less than twenty (20) workers.

AR 20-21.  The ALJ identified Plaintiff's past relevant work as agricultural produce sorter, housekeeping cleaner, cook helper, parts clerk, dining room attendant, and informal waitress and found that she was unable to perform any of this past relevant work.  AR 26.

At step five, the ALJ found that, in light of her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of industrial cleaner,

kitchen helper, and laundry worker II.  AR 26-27.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence.  Specifically, she argues that the ALJ erred by: (1) failing to make a proper step two determination; (2) failing to properly weigh the medical opinion evidence; and (3) failing to properly consider Plaintiff's symptom statements.  ECF No. 11.

## VII.    Discussion

### A. Step Two

Plaintiff challenges the ALJ's step two determination by asserting that she failed to properly consider Plaintiff's chronic obstructive pulmonary disease (COPD)/asthma, right knee disorder, chronic neck pain, carpal tunnel syndrome, digestive disorders, depression, and borderline personality disorder.  ECF No. 11 at 3-10.

Step two addresses whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  To establish a severe impairment at step two, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7**

1  claimant's own statement of symptoms, a diagnosis, or a medical opinion is not

2  sufficient to establish the existence of an impairment.  20 C.F.R. §§ 404.1521,

3  416.921.  "[O]nce a claimant has shown that [she] suffers from a medically

4  determinable impairment, [she] next has the burden of proving that these

5  impairments and their symptoms affect [her] ability to perform basic work

6  activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  At step

7  two, the burden of proof is squarely on the Plaintiff to establish the existence of

8  any medically determinable impairment(s) and that such impairments(s) are severe.

9  *Tackett*, 180 F.3d at 1098-99 (In steps one through four, the burden of proof rests

10  upon the claimant to establish a prima facie case of entitlement to disability

11  benefits.).

12      The step-two analysis is "a de minimis screening device used to dispose of

13  groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  An

14  impairment is "not severe" if it does not "significantly limit" the ability to conduct

15  "basic work activities."  20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work

16  activities are "abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§

17  404.1522(b), 416.922(b).

18      The ALJ concluded that Plaintiff had no severe physical impairments.  AR

19  19.  This is an error.  Plaintiff provided evidence that she had medically

20  determinable physical impairments and her reason for finding them not severe

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8**

were not supported by substantial evidence.

### 1. COPD and Asthma

The ALJ found that Plaintiff's COPD and asthma to be "non-severe" for two reasons: (1) "the claimant's pulmonary disease and asthma have remained well-controlled with medications and she has not sought or required on-going treatments for breathing difficulties;" and (2) "she did not list breathing problems as a barrier to employment on her initial application for disability benefits."  AR 18-19.

The ALJ's first reason for finding Plaintiff's COPD and asthma as non-severe, that the impairments were well-controlled with medications and Plaintiff did not receive regular treatment for the impairments, is not an accurate reflection of the record.  On October 18, 2015, Plaintiff went to the emergency room in acute respiratory distress.  AR 495.  She was diagnosed with bacterial pneumonia, acute respiratory distress/insufficiency, and upper respiratory infection.  AR 498.  On March 8, 2016, Plaintiff was treated in the emergency room for shortness of breath. AR 380, 387.  She was diagnosed with bronchitis and pneumonia.  AR 382.  On March 15, 2016, Plaintiff complained that her inhalers were not working and she was feeling more short of breath.  AR 408.  She was diagnosed with COPD exacerbation with bronchitis.  *Id*.  On September 16, 2016, Plaintiff was treated by her primary care provider for a cough and diagnosed with a COPD exacerbation with bronchitis.  AR 511.  On December 12, 2016, Plaintiff was treated at the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 9**

emergency room for a cough and difficulty breathing.  AR 488.  She was

diagnosed with asthma with acute exacerbation.  AR 492.  On December 14, 2016,

Plaintiff was treated at the emergency room for a severe cough and was diagnosed

with asthma with acute exacerbation.  AR 484.  The record demonstrates that

Plaintiff required repeated intervention at the emergency room for her breathing

despite her medications.

The ALJ's second reason for finding Plaintiff's COPD and asthma as non-

severe, that she failed to allege it as a barrier to employment in her initial

application, is an error.  The ALJ is required to consider all evidence relevant to

the disability claim, 20 C.F.R. §§ 404.1520b, 416.920b, and is required to consider

the combined effect of all impairments, 20 C.F.R. §§ 404.1523, 416.923.

Therefore, regardless of what Plaintiff alleged at the time of application, the ALJ is

required to consider all the conditions supported in the evidence.

Therefore, the ALJ's determination that Plaintiff's COPD and asthma were

not severe at step two is not supported by substantial evidence.  The case is

remanded for the ALJ to properly address Plaintiff's COPD and asthma at step

two.

**2.  Other Physical Impairments**

The ALJ found that Plaintiff's carpel tunnel syndrome and digestive

disorders were not severe at step two.  AR 18.  Furthermore, the ALJ did not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 10**

1    address Plaintiff's chronic neck and right knee pain at step two.  AR 18-19.

2        Here, the ALJ failed to find that Plaintiff had a severe physical impairment

3    at step two.  AR 18-19.  In doing so, the RFC finding did not include any

4    exertional, postural, or environmental limitations.  AR 20-21.  The ALJ is required

5    to determine whether Plaintiff's impairments, or combination of impairment, are

6    severe at step two.  *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); 20

7    C.F.R. §§ 404.1523, 416.923.  By failing to address Plaintiff's physical

8    impairments, singularly or in combination, at step two, the ALJ erred.  This error

9    resulted in the RFC being devoid of any exertional, postural, or environmental

10   limitations.  Therefore, this error was not harmless, and the case is remanded for

11   additional proceedings to include a new step two determination.

12       **3.  Psychological Disorders**

13       The ALJ did find that Plaintiff had PTSD at step two, AR 18, and included

14   psychological limitations in the RFC determination, AR 20-21, but the ALJ failed

15   to address the other psychological impairments in the record.  Plaintiff was also

16   diagnosed with depression and borderline personality disorder.  AR 370 (diagnosis

17   of depression by Jay Toews, Ed.D.); AR 538 (diagnoses made by Jody Robinson,

18   M.D.).  The ALJ failed to discuss these impairments in her step two determination.

19   AR 18-19.  Therefore, as part of the new step two determination, the ALJ will

20   address Plaintiff's depression and borderline personality disorder.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 11**

**B. Medical Opinion Evidence.**

Plaintiff challenges the weight the ALJ gave to the opinions of Kristal Mata, M.S., K. Scott Reinmuth, M.D., and Neil Anderson, LLCSW.  ECF No. 11 at 10-17.

**1. Kristal Mata, M.S.**

On September 25, 2015, Ms. Mata completed a Workfirst form for the Washington Department of Social and Health Services (DSHS).  AR 465-67.  She listed Plaintiff's diagnoses as PTSD, major depressive disorder, and cannabis dependence and opined that Plaintiff was limited to one to ten hours of work per week because she could not be around others for a long period of time.  AR 465.  She stated that Plaintiff's condition was likely to remain limited as opined for nine months.  AR 466.

The ALJ did not discuss Ms. Mata's opinion.  While Ms. Mata is not an acceptable medical source, *see* 20 C.F.R. §§ 404.1502(a), 416.902(a), the ALJ is still required to consider her opinion, *see* 20 C.F.R. §§ 404.1527(f), 416.927(f).  "The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  S.S.R. 96-8p.  The ALJ's failure to discuss the opinion was an error.  Upon remand, the ALJ will address the opinion.

1          **2.  K. Scott Reinmuth, M.D.**

2          Plaintiff challenges the weight the ALJ assigned to the opinion of Dr.

3    Reinmuth.  ECF No. 11 at 11-13.

4          The Ninth Circuit has distinguished between three classes of medical

5    providers in defining the weight to be given to their opinions: (1) treating

6    providers, those who actually treat the claimant; (2) examining providers, those

7    who examine but do not treat the claimant; and (3) non-examining providers, those

8    who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830

9    (9th Cir. 1996) (as amended).  A treating provider's opinion is given the most

10   weight, followed by an examining provider, and finally a non-examining provider.

11   *Id*. at 830-31.  In the absence of a contrary opinion, a treating or examining

12   provider's opinion may not be rejected unless "clear and convincing" reasons are

13   provided.  *Id*. at 830.  If a treating or examining provider's opinion is contradicted,

14   it may be discounted for "specific and legitimate reasons that are supported by

15   substantial evidence in the record."  *Id*. at 830-31.

16         Dr. Reinmuth completed two statements in the record addressing Plaintiff's

17   functional abilities.  The first was a letter allowing Plaintiff to keep her companion

18   animal with her at all times on August 12, 2015.  AR 450.  The second was a

19   Workfirst form for DSHS dated March 20, 2015.  AR 451-53.  Dr. Reinmuth stated

20   that Plaintiff had PTSD and anxiety issues and "needs to avoid high stress

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 13**

1   environments." AR 451. He also stated that Plaintiff had chronic low back, neck,

2   and wrist pain and "needs to avoid repetitive jobs, lifting [greater than] 10 lbs." *Id*.

3   He opined that Plaintiff was unable to participate in work activities "for now." *Id*.

4   When asked about Plaintiff's limitations with lifting and carrying, Dr. Reinmuth

5   opined that Plaintiff was limited to sedentary work, which was defined as "[a]ble

6   to lift 10 pounds maximum and frequently lift or carry such articles as files and

7   small tools. A sedentary job may require sitting, walking and standing for brief

8   periods." AR 452. He stated that Plaintiff was "currently unable to work due to

9   vomiting [and abdominal] pain issues." *Id*. He stated that Plaintiff's limitations

10  would persist for about three months and that Plaintiff required a referral to a

11  surgeon for possible cholecystectomy, ongoing mental health treatment, and

12  ongoing treatment for her spine and joint issues. *Id*.

13      The ALJ gave this opinion little weight for four reasons: (1) Dr. Reinmuth

14  did not include a detailed rationale for the opined limitations; (2) he did not set

15  forth vocationally specific set of mental limitations; (3) the opined limitations

16  would only last for three months; and (4) it was unclear why he limited Plaintiff to

17  sedentary work. AR 24-25. The parties agree that the ALJ was required to provide

18  clear and convincing reasons to reject the opinion. ECF Nos. 11 at 11; 12 at 14.

19      Dr. Reinmuth's opinion considers Plaintiff's physical impairments, AR 451-

20  53, which were excluded by the ALJ at step two. Since the case is remanded for

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 14**

1  the ALJ to properly address Plaintiff's physical impairments at step two, the ALJ

2  will also readdress Dr. Reinmuth's opinion.

3    **3.  Neil Anderson, LLCSW**

4        On January 24, 2017, Mr. Anderson completed a Workfirst form for DSHS.

5  AR 461-63.  He listed Plaintiff's diagnoses as PTSD and major depressive

6  disorder.  AR 461.  He opined that Plaintiff's impairments limited her ability to

7  work, stating that she was "frequently triggered by stimuli in environment which

8  exacerbate PTSD symptoms, social interaction difficulties due to PTSD

9  symptoms."  *Id*.  He was "unable to ascertain" the number of hours per week

10 Plaintiff could perform work activities and any lifting and carrying restrictions.

11 AR 461-62.  He sated he was unable to determine how long Plaintiff's limitations

12 would persist because "PTSD can be treated, but it is unclear whether it will be a

13 permanent condition."  AR 462.

14       The ALJ gave the opinion little weight because Mr. Anderson did not

15 include specific functional limitations, Mr. Anderson did not include specific

16 references to treatment or examination notes, and the opinion was inconsistent with

17 the results of Dr. Toews' evaluation.  AR 25.

18       Mr. Anderson's opinion considered Plaintiff's depression, as well as her

19 PTSD.  AR 461.  Since the case is being remanded for the ALJ to consider

20 Plaintiff's depression at step two and as part of the RFC determination, the ALJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 15**

1    will also consider Mr. Anderson's opinion anew.

2    **C. Plaintiff's Symptom Statements**

3    Plaintiff challenges that ALJ's determination that her symptom statements are

4    unreliable.  ECF No. 11 at 17-21.

5    An ALJ engages in a two-step analysis to determine whether a claimant's

6    testimony regarding subjective symptoms is reliable.  *Tommasetti*, 533 F.3d at 1039.

7    First, the claimant must produce objective medical evidence of an underlying

8    impairment or impairments that could reasonably be expected to produce some

9    degree of the symptoms alleged.  *Id*.  Second, if the claimant meets this threshold,

10    and there is no affirmative evidence suggesting malingering, "the ALJ can reject the

11    claimant's testimony about the severity of her symptoms only by offering specific,

12    clear and convincing reasons for doing so."  *Id*.

13    Here, the ALJ found that the medically determinable impairments could

14    reasonably be expected to produce the symptoms Plaintiff alleged; however, the

15    ALJ determined that Plaintiff's "statements concerning the intensity, persistence

16    and limiting effects of these symptoms are not entirely consistent with the medical

17    evidence and other evidence in the record for the reasons explained in this

18    decision" AR 21.

19    The evaluation of a claimant's symptom statements and their resulting

20    limitations relies, in part, on the assessment of the medical evidence.  *See* 20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 16**

C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case

being remanded for the ALJ to properly address the medical evidence concerning

Plaintiff's physical impairments and readdress the medical source opinions in the

file, a new assessment of Plaintiff's subjective symptom statements will be

necessary.

## VIII.  Conclusion

The decision whether to remand for further proceedings or reverse and

award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

888 F.2d 599, 603 (9th Cir. 1989).  Reversing and awarding benefits is appropriate

when (1) the record has been fully developed and further administrative

proceedings would serve no useful purpose; (2) the ALJ has failed to provide

legally sufficient reasons for rejecting evidence, whether claimant testimony or

medical opinion; and (3) if the improperly discredited evidence were credited as

true, the ALJ would be required to find the claimant disabled on remand, the Court

remands for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir.

2017).  But where there are outstanding issues that must be resolved before a

determination can be made, and it is not clear from the record that the ALJ would

be required to find a claimant disabled if all the evidence were properly evaluated,

remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir.

2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, the ALJ must properly address the medical evidence supporting a severe medically determinable physical impairment and it is not clear from the record that the ALJ would be required to find Plaintiff disabled.  Further proceedings are necessary for the ALJ to address Plaintiff's physical impairments at step two, readdress the medical opinions in the record, and readdress Plaintiff's symptom statements.  Additionally, the ALJ will supplement the record with any outstanding evidence and call a vocational expert to testify at a remand hearing.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** February 5, 2021.

_s/ Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 18**